UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| KEVIN DEWAYNE DANIEL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:16-CV-56-SNLJ |
| PEMISCOT COUNTY JAIL, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the motion of Kevin Dewayne Daniel for leave to commence this action without payment of the required filing fee. For the reasons stated below, the court finds that plaintiff does not have sufficient funds to pay the entire filing fee, and therefore, the motion will be granted. Plaintiff will be assessed an initial partial filing fee of $.74, which is twenty percent of plaintiff's average deposits. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim

1

upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the court must engage in a two-step inquiry. First, the court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The court must review the factual allegations in the complaint "to determine if

they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 51-52.

Moreover, in reviewing a pro se complaint under § 1915(e)(2)(B), the court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

**The Complaint**

Plaintiff, an inmate at the Ozark Correctional Center, seeks monetary relief in this 42 U.S.C. § 1983 action for constitutional violations that allegedly occurred during his confinement at the Pemiscot County Jail. Named as defendants are the Pemiscot County Jail and its employees John Doe (Sheriff), Chad Doe (Jail Superintendent), Jane Doe (Nurse), Benda Unknown ("Jailer"), and John Doe ("Jailer"). Plaintiff alleges that his constitutional rights were violated in numerous separate instances during the period of January 11-15, 2016.

**Discussion**

Plaintiff brings this action against the Jail employees in their official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th

Cir. 1995) (where a complaint is silent about defendant's capacity, court must interpret the complaint as including official-capacity claims); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Official-capacity suits are tantamount to suits brought directly against the public entity of which the official is an agent. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). To state a claim against a public entity or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the public entity was responsible for the alleged constitutional violation. *Brandon v. Holt*, 469 U.S. 464, 473 (1985); *Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). Because plaintiff does not claim that a public entity's policy or custom was responsible for the violation of his constitutional rights, the complaint fails to state a claim or cause of action under § 1983 against the defendant Jail employees in their official capacity.

The complaint is also legally frivolous as to defendant Pemiscot County Jail, because jails are not suable entities. *See Lair v. Norris*, 32 Fed. Appx. 175, 2002 WL 496779 (8th Cir. 2002); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (§ 1983 suit cannot be brought against state agency), *cert. dismissed*, 529 U.S. 1001 (2000); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (jails are not entities amenable to suit).

As additional grounds for dismissing this action, the court notes that, for the most part, plaintiff has failed to direct his allegations against the named

4

defendants, and he has improperly joined multiple claims against numerous defendants that do not arise out the same transaction or occurrence. This is not allowed. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Fed.R.Civ.P. 18, 20, and 21.

For these reasons, the court will dismiss this action pursuant to § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial partial filing fee of $.74 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the allegations are legally frivolous and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

A separate order of dismissal shall accompany this memorandum and order.

Dated this 23rd day of March, 2016.

_____
**UNITED STATES DISTRICT JUDGE**